AO 248 (Rev. 08/20) ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/1/2024

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

v.

LUIS CABAN

Case No. 1:16-cr-656

ORDER ON MOTION FOR
SENTENCE REDUCTION UNDER
18 U.S.C. § 3582(c)(1)(A)

(COMPASSIONATE RELEASE)

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☐ GRANTED

  ☐ The defendant's previously imposed sentence of imprisonment of _____ is reduced to _____. If this sentence is less than the amount of time the defendant already served, the sentence is reduced to a time served; or

  ☐ Time served.

  If the defendant's sentence is reduced to time served:

    ☐ This order is stayed for up to fourteen days, for the verification of the defendant's residence and/or establishment of a release plan, to make appropriate travel arrangements, and to ensure the defendant's safe release. The defendant shall be released as soon as a residence is verified, a release plan is established, appropriate travel arrangements are made,

and it is safe for the defendant to travel. There shall be no delay in ensuring travel arrangements are made. If more than fourteen days are needed to make appropriate travel arrangements and ensure the defendant's safe release, the parties shall immediately notify the court and show cause why the stay should be extended; or

☐ There being a verified residence and an appropriate release plan in place, this order is stayed for up to fourteen days to make appropriate travel arrangements and to ensure the defendant's safe release. The defendant shall be released as soon as appropriate travel arrangements are made and it is safe for the defendant to travel. There shall be no delay in ensuring travel arrangements are made. If more than fourteen days are needed to make appropriate travel arrangements and ensure the defendant's safe release, then the parties shall immediately notify the court and show cause why the stay should be extended.

☐ The defendant must provide the complete address where the defendant will reside upon release to the probation office in the district where they will be released because it was not included in the motion for sentence reduction.

☐ Under 18 U.S.C. § 3582(c)(1)(A), the defendant is ordered to serve a "special term" of ☐ probation or ☐ supervised release of _____ months (not to exceed the unserved portion of the original term of imprisonment).

☐ The defendant's previously imposed conditions of supervised release apply to the "special term" of supervision; or

☐ The conditions of the "special term" of supervision are as follows:

☐ The defendant's previously imposed conditions of supervised release are unchanged.

☐ The defendant's previously imposed conditions of supervised release are modified as follows:

☐ DEFERRED pending supplemental briefing and/or a hearing. The court DIRECTS the United States Attorney to file a response on or before _____ , along with all Bureau of Prisons records (medical, institutional, administrative) relevant to this motion.

☒ DENIED after complete review of the motion on the merits.

☒ FACTORS CONSIDERED (Optional)

The Court has considered Luis Caban's application for compassionate release and its supporting materials, Dkt. No. 1052 (the "Motion"), as well as the materials presented to the Court in connection with his sentencing. In doing so, the has Court interpreted them "to raise the strongest arguments that they suggest." Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam). The Court recognizes that the "First Step Act freed district courts to consider the full slate of extraordinary and compelling reasons that an imprisoned person might bring before them in motions for compassionate release." United States v. Brooker, 976 F.3d 228, 237 (2d Cir. 2020).

The Court does not conclude that Mr. Caban has met his burden to show extraordinary and compelling circumstances in support of his application for his compassionate release. Mr. Caban asserts that compassionate release is appropriate because his mother, who is 68, suffers from a number of illnesses, namely high blood pressure, asthma, and a heart condition for which she

received a stent. He assets that she suffers from chronic dizzy spells and uses blood thinners. Motion at 3. Mr. Caban asserts that he is the only person "to be a proper caregiver." Id.

The Court appreciates Mr. Caban's concern for his mother's health, but the illnesses that he describes are not sufficiently severe to justify his early release. While the Court can find extraordinary and compelling circumstances in situations that are not described in the commentary to the sentencing guidelines, they provide a useful framework with which to analyze this request. The policy statement in Section § 1B1.13 describes as a ground for compassionate release the "incapacitation of the defendant's parent when the defendant would be the only available caregiver for the parent." Mr. Caban's mother's age and illnesses are not described as rendering her "incapacitated" or, indeed, even substantially limited. Moreover, the Court observes that at the time of his sentencing, Mr. Caban had a well-employed, married brother who lived in the Bronx, where his mother resided. PSR at 23. Mr. Caban does not describe in his application why his brother is not available to provide his mother any needed assistance—such that Mr. Caban remains alone as the "only available caregiver."

Moreover, after evaluating the factors set forth in 18 U.S.C. § 3553(a), the Court does not believe that a modification of Mr. Caban's sentence is appropriate at this time. As the Court described at sentencing, Mr. Caban's offense was very serious. "Mr. Caban was one of the principal suppliers of cocaine in a conspiracy that sold a menu of illegal drugs in the Highbridge area of the Bronx." Sentencing Transcript ("Tr."), Dkt. No. 423, at 15:23-25. Mr. Caban aided and abetted the possession of a firearm in connection with the crime. Id. at 16:4-6. Mr. Caban had a substantial criminal history, including a conviction for possession of a loaded firearm that resulted in a five year prison sentence, all of which resulted his placement in criminal history category IV. Id. 6:12-7:4. His guidelines range was 188 to 235 months imprisonment. Id. at 7:13-

14. The Court appreciates the insight that his time of incarceration that provided Mr. Caban, as he outlines in his letter to the Court in connection with this application. But in evaluating the sentencing factors under 18 U.S.C. § 3553(a), the Court does not believe that early release is appropriate for Mr. Caban, for substantially the reasons that it articulated at sentencing. Mr. Caban's crime was very serious: a shorter term of imprisonment would not be a just punishment. Moreover, the Court continues to believe that a lesser sentence would not serve the goals of general and personal deterrence. As the Court commented at sentencing, "Mr. Caban, unlike some of his codefendants in this case, is not a young man. He's been convicted of several crimes in the past, including a drug trafficking offense, and has served significant amounts of time in prison. Yet, when he thought he was not making enough money at a legitimate job, he turned to selling drugs here. Mr. Caban is mature enough and experienced enough to understand the consequences of his decisions, and he has chosen to return to criminal activity again and again." Id. at 21:10-19. The Court imposed a sentence that was substantially below the advisory guidelines range. As the Court concluded at sentencing, a lesser sentence is not appropriate. The facts presented by the defendant in his application do not alter the Court's evaluation of the 3553(a) factors as a whole. The Court does not believe that a reduction in the defendant's sentence is appropriate at this time.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to terminate the motion pending at Dkt. No. 1052 and to mail a copy of this order to Mr. Caban.

☐ DENIED WITHOUT PREJUDICE because the defendant has not exhausted all administrative remedies as required in 18 U.S.C. § 3582(c)(1)(A), nor have 30 days lapsed since receipt of the defendant's request by the warden of the defendant's facility.

IT IS SO ORDERED.

Dated:

December 1, 2024

                                                GREGORY H. WOODS
                                    UNITED STATES DISTRICT JUDGE